IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELMORE SAND & GRAVEL, INC., ) <br> ) <br> Defendant. ) | Case No. 2:25-cv-60 |

## COMPLAINT

Plaintiff United States of America, by authority of the Attorney General of the United States, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil enforcement action against Defendant Elmore Sand & Gravel, Inc. under Section 309 of the Clean Water Act ("CWA"), 33 U.S.C. § 1319.

2. In this action, the United States alleges that Defendant, without authorization, discharged and is continuing to discharge pollutants to CWA-covered waters and adjacent wetlands located within what this Complaint refers to as the "Site," i.e., approximately 1,665 acres of real property in Elmore County, Alabama, just north of the city of Elmore and north and south of Marion Spillway Road (near 32.568 degrees north latitude and 86.342 degrees west longitude), in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

3. In this action, the United States seeks: (a) injunctive relief prohibiting Defendant from further unauthorized discharges, including by complying with any permit issued under Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344; (b) injunctive relief compelling Defendant to restore, remediate, stabilize, and/or mitigate the impacts of the unauthorized

1

discharges; (c) a civil penalty award in favor of the United States and against Defendant; and (d) such other relief as the United States and the Court may deem appropriate.

4. The United States has provided notice of the commencement of this action to the State of Alabama pursuant to 33 U.S.C. § 1319(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 33 U.S.C. § 1319(b).

6. Venue is proper in this District, i.e., the United States District Court for the Middle District of Alabama, pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. §§ 1391(b) and 1395 because Defendant conducts business in this District, and the causes of action and CWA violations alleged in this action arose in this District.

## PARTIES

7. Plaintiff is the United States of America, and authority to bring this action is vested in the Attorney General of the United States under 33 U.S.C. § 1366 and 28 U.S.C. §§ 516 and 519.

8. Defendant is Elmore Sand & Gravel, Inc., a corporation registered in the State of Alabama with a principal place of business at 1322 Marion Spillway Road, Elmore, Alabama 36025.

## STATUTORY BACKGROUND

9. Section 101(a) of the CWA, 33 U.S.C. § 1251(a), provides that "[t]he objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."

10. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" without authorization, e.g., except as in compliance with a permit issued by the United States Army Corps of Engineers ("Corps") or an authorized state pursuant to Section 404 of the CWA, 33 U.S.C. § 1344, which applies to discharges of dredged or fill material; or a permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, which applies to discharges of pollutants other than dredged or fill material.

11. Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include a "corporation."

12. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include "dredged spoil," "biological materials," "rock," "sand," and "industrial . . . waste discharged into water."

13. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source."

14. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

15. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas." Traditional navigable waters (i.e., all waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce); relatively permanent waters connected to traditional navigable waters; and wetlands with a continuous surface connection to such relatively permanent waters (i.e., "adjacent wetlands") are included in this definition. *See Sackett v. EPA*, 598 U.S. 651 (2023).

16. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a temporary or permanent injunction, against any person that violates Section 301 of the CWA, 33 U.S.C. § 1311(a).

17. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), subjects any person that violates Section 301 of the CWA, 33 U.S.C. § 1311, to civil penalties.

## GENERAL ALLEGATIONS

**The Site where the alleged CWA violations occurred**

18. The CWA violations alleged in this Complaint regard waters and adjacent wetlands located within approximately 1,665 acres of real property in Elmore County, Alabama, just north of the city of Elmore and north and south of Marion Spillway Road (near 32.568 degrees north latitude and 86.342 degrees west longitude).

19. This real property is generally bounded on the north and on the east by the CSX railroad, on the south by Boswell Street, and on the west by Speigner Dam Road.

20. This real property includes parcels with Parcel Identification Numbers ("PIN") 1502040001001000, -2000, -4000, -5000, -7000, -8000, 1501110001002000, -3000, and 1408270000016000.

21. For shorthand purposes, this Complaint refers to the real property referenced in paragraphs 18-20 above as "the Site."

22. At all times relevant to the claims asserted by the United States in this Complaint, Defendant has controlled the Site through ownership or leasing.

**The Site's waters and adjacent wetlands**

23. At all times relevant to the claims asserted by the United States in this Complaint, a water body known as Mortar Creek has existed at the Site.

24. Mortar Creek originates upstream of the Site (generally to the northwest), flows through the Site generally from north to south, and contributes flow to (converges with) the Coosa River downstream of the Site.

25. Mortar Creek has a bed and bank, carries water, and has year-round flow.

26. Downstream of the Site, Mortar Creek becomes a traditional navigable water from approximately one-half mile upstream of its confluence with the Coosa River to that confluence.

27. The Coosa River is the main tributary of and contributes flow to the Alabama River, which, in turn, ultimately—through the Mobile and Tensaw Rivers, which are formed by the confluence of the Alabama and Tombigbee Rivers—flows into Mobile Bay and the Gulf of Mexico.

28. The Coosa, Alabama, Mobile, Tensaw, and Tombigbee Rivers, as well as Mobile Bay and the Gulf of Mexico, are traditional navigable waters.

29. Mortar Creek is a relatively permanent water connected to traditional navigable waters.

30. At all times relevant to the claims asserted by the United States in this Complaint, the Site supported wetlands, i.e., areas inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and under normal circumstances did support, a prevalence of trees and other vegetation typically adapted for life in saturated soil conditions.

31. At all times relevant to the claims asserted by the United States in this Complaint, the Site's wetlands were adjacent to, i.e., have a continuous surface connection with Mortar Creek.

32. Mortar Creek and its adjacent wetlands, as well as the traditional navigable waters to which Mortar Creek is connected, constitute "waters of the United States" and "navigable

5

waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

**Defendant's sand and gravel mining activities**

33. Defendant is a corporation and thus constitutes a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

34. At all times relevant to the claims asserted by the United States in this Complaint, Defendant has conducted sand and gravel mining activities at the Site.

35. Defendant has created multiple mining pits and processing plants at the Site. The raw materials are strip mined in one of the three active pit areas (white pit, tan pit, or red pit). The excavated material is then trucked to one of the processing plants. At the processing plants, the mined material is sent through various wet and dry separation processes. After processing, finished products are stored in outdoor storage piles located throughout the Site. Finished products can be shipped from the Site by either truck or rail in either bulk or sacks. Trucked shipments can be loaded near the various storage areas and weighted at the scale house near the main office buildings. Rail shipments are loaded in the area along the east side of the Site along Marion Spillway Road.

36. The Site also consists of multiple retention ponds that Defendant has used to remove sediment from wastewater and stormwater that is generated by Defendant's mining activities prior to discharge to Mortar Creek. The Site has been manipulated by grading, constructing berms, and creating diversion ditches to capture and direct wastewater and stormwater to the retention ponds. Several of the ponds have designated outfalls, including to Mortar Creek.

**Defendant's CWA permitting history**

37. Defendant has never obtained a permit authorizing discharges of dredged or fill material at the Site pursuant to Section 404 of the CWA, 33 U.S.C. § 1344.

38. Defendant has obtained a permit relative to discharges of pollutants covered by the National Pollutant Discharge Elimination System ("NPDES") permit program established by Section 402 of the CWA, 33 U.S.C. § 1342. However, Defendant did not obtain NPDES permit coverage for all discharges at the Site and did not comply with all conditions of its NPDES permit.

39. EPA has granted the State of Alabama, through the Alabama Department of Environmental Management ("ADEM"), authorization to issue NPDES permits pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b). Under Sections 309 and 402(i) of the CWA, 33 U.S.C. § 1319 and 1342(i), EPA retains concurrent authority with authorized states such as Alabama to enforce NPDES-related CWA violations.

40. In June 2013, ADEM issued coverage under General NPDES Number ALG850033 ("2013 Permit") to Defendant, establishing limitations on the discharge of pollutants from certain outfalls, designated within the associated Notice of Intent to obtain coverage under the General NPDES Permit No. ALG850000, as Outfall Numbers 001, 003, 004, 005, 006, 007, 013, 016, 017, 018, 019, and 020 from a designated mine to (*inter alia*) Mortar Creek.

41. In October 2015, ADEM modified Defendant's 2013 Permit coverage ("2015 Permit") to the Radding Outfalls 021, 022, 023, 024, and 025 and expanding the geographical area covered by the 2013 Permit.

42. In November 2017, ADEM reissued coverage under General NPDES Permit Number ALG850033 ("2017 Permit") to Defendant.

## COUNT ONE:

## UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL

43. The United States realleges and incorporates Paragraphs 1 through 37 of this Complaint.

44. During Defendant's operations at the Site, Defendant or persons acting at Defendant's behest, operated excavators, bulldozers, and/or other earthmoving equipment at and throughout the Site.

45. This equipment operated in waters of the United States, likely 12,000 linear feet of Mortar Creek and over 100 acres of wetlands adjacent to Mortar Creek.

46. As operated, this equipment constituted a "point source" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

47. Operation of this equipment resulted in the placement of dredged spoil, biological materials, rock, sand, or other earthen material constituting "pollutants" within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6), 33 U.S.C. § 1362(6), into waters of the United States.

48. Operation of this equipment involved the mechanized pushing, dragging, or other redepositing of excavated soil material.

49. Operation of this equipment had the effect of replacing one or more portions of waters of the United States with dry land and/or changing the bottom elevation of one or more portions of waters of the United States.

50. Operation of this equipment resulted in the "discharge of any pollutant" within the meaning of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

51. Defendant violated 33 U.S.C. § 1311(a) at the Site.

52. Defendant has allowed dredged or fill material that had been discharged without authorization to remain in waters of the United States at the Site.

53. Defendant remains in violation of 33 U.S.C. § 1311(a) at the Site.

## COUNT TWO:

## UNAUTHORIZED DISCHARGES OF POLLUTANTS

## OTHER THAN DREDGED OR FILL MATERIAL

## (INCLUDING VIOLATIONS OF NPDES PERMIT)

54. The United States realleges and incorporates Paragraphs 1 through 36 and 38 through 42 of this Complaint.

55. The Site consists of treatment ponds, treatment pond levees, additional ponds, berms, emergency spillways, ditches, rills, gullies, and/or other conduits or channels, and the manner in which Defendant used them means that they constituted "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

56. During Defendant's operations at the Site, treatment pond levees, an emergency spillway, and an access road in the northern portion of the mine were not properly stabilized.

57. Defendant failed to operate and maintain all systems of treatment and control in violation of Part IV.A.1 of the 2017 Permit.

58. During Defendant's operations at the Site, portions of the creek bank to Mortar Creek and berms for previously mined areas were washed away and effluent from the previously mined areas flowed into Mortar Creek.

59. Defendant failed to prevent the erosion of the creek banks and the surrounding berms and discharged pollutants from point sources through one or more outfalls not covered and/or to waters not covered under the 2017 Permit in violation of Parts III.B.1, III.B.2, and IV.A.1 of the 2017 Permit.

60. NPDES permittees must comply with all conditions of their NPDES permits, and any noncompliance with a permit constitutes a violation of the CWA. *See* CWA Section 309(a), (b), and (d), 33 U.S.C. § 1319(a), (b), and (d).

61. Defendant's failures to comply with all conditions of the 2017 Permit constitute violations of the CWA.

62. Defendant discharged untreated wastewater containing pollutants from point sources to waters of the United States at locations not authorized by an NPDES permit, in violation of 33 U.S.C. § 1311(a).

## REQUESTS FOR RELIEF

The United States respectfully requests that this Court grant the following relief:

A. Injunctive relief prohibiting Defendant from further unauthorized discharges, including by complying with any permit issued under Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344;

B. Injunctive relief compelling Defendant to restore, remediate, stabilize, and/or mitigate the impacts of the unauthorized discharges;

C. A civil penalty award in favor of the United States and against Defendant; and

D. Such other relief as the United States and the Court may deem appropriate.

        Respectfully submitted,

        KATHERINE E. KONSCHNIK
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

Dated: January 17, 2025

/s Andrew J. Doyle
ANDREW J. DOYLE
FL Bar No.    84948
DC Bar No. 1022023
CA Bar No.    359428
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
450 Golden Gate Avenue, Suite 07-6714
San Francisco, CA  94102
andrew.doyle@usdoj.gov
(415) 744-6469

MARTIN F. McDERMOTT
IL Bar No. 6183307
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC  20044-7611
martin.mcdermott@usdoj.gov
(202) 514-4122

<u>Of counsel</u>:
MATTHEW HICKS
Associate Regional Counsel
United States Environmental Protection Agency, Region 4
Atlanta, GA

JEFFREY SPEIR
Attorney-Advisor
United States Environmental Protection Agency
Office of Enforcement and Compliance Assurance
Washington, DC

*Counsel for Plaintiff United States of America*